989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Giordano Anthony FARMER, Plaintiff-Appellant,
v.
OHIO DEPARTMENT OF CORRECTIONS & REHABILITATION, Defendant-Appellee.
 No. 92-4122.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1993.
 
 Before BOYCE F. MARTIN, JR. and ALAN E. NORRIS, Circuit Judges, and COFFIN, Senior Circuit Judge.*
 
 ORDER
 
 1
 Giordano A. Farmer, proceeding pro se, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On July 22, 1992, Farmer filed his § 1983 action against the Ohio Department of Corrections and Rehabilitation without naming any specific individual and without specifying whether he was seeking monetary, declaratory or injunctive relief. He alleged that while incarcerated and while on parole in 1989-1990, "I and my father was victimize with 'slander' and 'defamation of character,' due to 'neglect' or negligence, on behave of the Dept. of Correction. Civil rights were violated, then afterwards, personal injury occur." He made no mention of any specific dates, individuals who allegedly slandered him, what was said or what the circumstances were in relation to these events.
 
 
 3
 The district court dismissed his § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(d), indicating that, his lawsuit lacked an arguable basis in both law and fact.
 
 
 4
 Farmer filed a timely appeal. In his pro se brief, he attempts to clarify the facts surrounding his case but again is vague and does not mention any specific dates. He alleged that one corrections officer named Boiser had allegedly called him a baby rapist which led to problems with other inmates and to Farmer's being transferred from one correctional facility to another. He requests the appointment of counsel.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by dismissing Farmer's § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). His complaint does not state any claim with an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 Accordingly, we deny his request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank M. Coffin, Senior U.S. Circuit Judge for the First Circuit, sitting by designation